

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARLOS ANTHONY MIRANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>CCII LEWANDOWSKI, et al.,<br><br>    Defendant. | Case No. CV 12-0794-SJO (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |

    This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, who is not incarcerated, filed this *pro se* civil rights action on February 3, 2012. On February 7, 2012, the Court directed that the United States Marshal effect service upon all named defendants. On February 8, 2012, copies of the complaints and summonses were sent to Plaintiff with instructions, in order for him to complete the necessary paperwork and forward the packets to the United States Marshal for service of process. Plaintiff never forwarded the documents to the United States Marshal for service.

//

//

On April 23, 2012, the Court issued an order directing Plaintiff to show cause in writing, on or before May 11, 2012, why the action should not be dismissed for failure to take the necessary steps to effect service. Plaintiff did not respond to the order to show cause.

This action shall be dismissed for failure to prosecute. The Court has the inherent power to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's service order or respond to the order to show cause, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants. Finally, three months have elapsed without Plaintiff having forwarded the necessary papers for service of process. He has failed to request an extension of time to forward

the documents or demonstrate good cause for failing to perform this ministerial act.

Balancing all of these factors, dismissal of this action without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: May 23, 2012.

S. James Otero
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge